**Bernice W. GRIMSLEY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

**Civ. A. No. C78–1736A.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 24, 1983.

William L. Skinner, Decatur, Ga., for plaintiff.

Curtis E. Anderson, Asst. U.S. Atty., Jerry J. Wall, Dept. of Health & Human Services, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This is an appeal from denial of social security disability benefits. The case has twice been remanded to the Secretary of

Health and Human Services for decision. On the latest remand, an Administrative Law Judge filed a recommended decision finding that the claimant had been disabled since 1973. The Appeals Council rejected his recommendation and determined that the claimant had not been disabled for that period. U.S. Magistrate Feldman, after having reviewed the file and the agency's decisions, filed a report recommending that the decision of the Appeals Council be reversed and that the decision of the ALJ be adopted. Presently before the Court are the Magistrate's Report and Recommendation and the defendant's objections.

The Court must first address what standard applies to its review of a decision by the Appeals Council to reject a recommended decision by an ALJ after remand. The Magistrate expressed uncertainty on this point, but, finding an abuse of discretion by the Appeals Council in reversing a decision backed by substantial evidence, recommended reversal of the Appeals Council's decision.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." The decision of the Appeals Council in this matter was the final decision of the Secretary and, as such, expressed the findings of the Secretary now subject to review. The decision of the ALJ was only a "recommended decision," and did not bind the Appeals Council. According to 20 C.F.R. § 404.955, "The decision of the administrative law judge is binding on all parties to the hearing unless—. . . (e) The decision is a recommended decision directed to the Appeals Council."

■ The Appeals Council is free to refuse the recommended decision of the ALJ so long as its own decision is supported by substantial evidence. 20 C.F.R. § 404.-979 states: "After it has reviewed all the evidence in the hearing record and any additional evidence received, the Appeals Council will make a decision or remand the case to an administrative law judge. The Appeals Council may affirm, modify or reverse the hearing decision or it may adopt, modify or reject a recommended decision." Because the Appeals Council may adopt or reject a recommended decision, as opposed to affirming or reversing a regular decision, the recommended decision comes to it with no presumption of validity. For that reason, the Appeals Council needs to meet no higher threshold than that of "substantial evidence" for its own finding.

The standards of Appeals Council review do not apply here. 20 C.F.R. § 404.970(a) states: "The Appeals Council will review a case if—(1) There appears to be an abuse of discretion by the administrative law judge; (2) There is an error of law; (3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or (4) There is a broad policy or procedural issue that may affect the general public interest." "Review" is only of actual decisions. *See* 20 C.F.R. § 404.967. A "recommended decision" is not a decision: the language of the regulations distinguishes between the two on several occasions. *See, e.g.,* 20 C.F.R. §§ 404.-953, 404.955, 404.977(a), 404.977(e)(2).

■ Given a "recommended decision" by an Administrative Law Judge, the Appeals Council does not *review* it. It makes its own decision, with the aid of (or in the face of) the recommendation. For these reasons, the Court concludes that the appropriate standard by which to judge the Appeals Council's rejection of the Administrative Law Judge's recommended decision is whether the Appeals Council's own decision is supported by substantial evidence on the basis of the record as a whole.[1]

■ After a review of the decision of the Appeals Council, the recommended decision

---

1. A refusal by the Appeals Council to adopt an ALJ's recommendation supported by substantial evidence does not itself constitute reversible error. There may be substantial evidence for both of two contrary rulings. It is a decision by the Appeals Council which is itself unsupported by substantial evidence that is reversible. On this point the Court does not accept the language on page eight of the Magistrate's report.

of the Administrative Law Judge, the record in this case, the Magistrate's report and recommendation, and the objections to the report, the Court is satisfied that the Appeals Council's decision is without substantial evidentiary support for the reasons stated by Magistrate Feldman. Therefore, except to make clear that the Appeals Council's decision is tested only by whether it is grounded upon substantial evidence, the Court ADOPTS the report and recommendation of the Magistrate, REVERSES the decision of the Appeals Council, and REMANDS the case to the Appeals Council with direction to adopt the recommended decision of the Administrative Law Judge.

IT IS SO ORDERED, this 24th day of August, 1983.